**IN THE UNITED STATES DISTRICT COURT**
**FOR WESTERN DISTRICT OF PENNSYLVANIA**

DAVID BURKES on behalf of himself and others similarly situated,

Plaintiff,

v.

CIVIL ACTION NO. 2:22-CV-01054-WSH

ARIAS AGENCIES, and AMERICAN INCOME LIFE INSURANCE COMPANY

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ....... 1

II. FACTUAL BACKGROUND ....... 1

A. Plaintiffs Signed Agent Contracts to Sell AIL Insurance Products ....... 1

B. State and Federal Courts Have Unanimously Enforced AIL's Arbitration Agreements ....... 2

C. Plaintiffs File—and Refuse to Dismiss—this Lawsuit Despite the Unanimous Decisions Enforcing AIL's Arbitration Agreements ....... 2

III. THE COURT SHOULD ORDER PLAINTIFFS TO INDIVIDUAL ARBITRATION AND DISMISS PLAINTIFFS' CLAIMS WITHOUT PREJUDICE ....... 4

A. The Court Must Order the Individual Arbitration of Plaintiffs' Claims Based on the Parties' Stipulation ....... 4

B. Plaintiffs' Claims Should Be Dismissed Pending Arbitration ....... 4

IV. CONCLUSION ....... 6

## I. INTRODUCTION

Plaintiffs[1] concede and have stipulated that their claims are subject to binding, individual arbitration. (Declaration of Jeffrey M. Hammer ("Hammer Decl."), Ex. 3 (Stipulation).) Indeed, two prior courts in this District already have enforced nearly identical arbitration agreements between Defendant American Income Life Insurance Company ("AIL") and independent sales agents like Plaintiffs, including in one case involving the same counsel that represents Plaintiffs. This action never should have been filed in Court and Plaintiffs should have individually pursued their claims in individual arbitration in accordance with their arbitration agreements.

Despite conceding that their claims must be arbitrated and despite several attempts by Defendants to meet and confer in good faith, Plaintiffs refuse to dismiss this action without prejudice. Instead, Plaintiffs insist on "staying" a court action that never should have been filed in the first place and have continued filing consents for "opt ins" in court (who Plaintiffs' counsel *also* concede must proceed in individual arbitration). There was no justification for Plaintiffs to file this action and there is no basis for their continued refusal to dismiss it. Accordingly, this action should be dismissed without prejudice and Plaintiffs ordered to pursue their claims in individual arbitration in accordance with the parties' stipulation.

## II. FACTUAL BACKGROUND

### *A. Plaintiffs Signed Agent Contracts to Sell AIL Insurance Products*

AIL is a life insurance company headquartered in Waco, Texas that provides insurance products to families and individuals in different states. (Gamble Decl., ¶ 2.) Plaintiff David Burkes and Opt-in Plaintiffs Toby Painter, Abeni Mayfield, Mikelle Mayfield, Nicholas Atallah, Jennifer Reed, Meredith Carrier, Hunter Renninger, Tyler Szpakowski, Emily Fleming (née Marous), Brendan Gilbert, Christina Quillen, Joseph Lamb, Christopher Gilbert, and Corey Rodriguez previously contracted with AIL to sell life insurance in Pennsylvania. (Compl., ¶¶

---

[1] Plaintiff David Burkes and all Opt-in Plaintiffs: Toby Painter, Abeni Mayfield, Mikelle Mayfield, Nicholas Atallah, Jennifer Reed, Meredith Carrier, Hunter Renninger, and Tyler Szpakowski, Emily Fleming (néee Marous), Brendan Gilbert, Christina Quillen, Joseph Lamb, Christopher Gilbert, and Corey Rodriguez.

21-22, Ex. B; Gamble Decl. ¶ 3.) Plaintiffs have stipulated that all of their claims in this action are subject to binding individual arbitration in accordance with the arbitration agreements that each of them entered into with AIL and Defendant Arias Agencies ("Arias"). (Gamble Decl., ¶ 3; Hammer Decl., Ex. 3.)

### ***B. State and Federal Courts Have Unanimously Enforced AIL's Arbitration Agreements***

Numerous state and federal courts—including two recent decisions in the Western District of Pennsylvania—have enforced AIL's arbitration agreements entered into by independent contractor sales agents when presented with claims similar to those asserted here. *See Zinsky v. Russin, et al.*, No. 2:22-CV-547, 2022 WL 2906371, at *4 (W.D. Pa. July 22, 2022) (Horan, J.); *Bell v. Am. Income Life Ins. Co*., No. CV207046MWFPJWX, 2021 WL 5858575, at *1 (C.D. Cal. Nov. 30, 2021); *Patterson v. Am. Income Life Ins. Co*., No. 4:19-CV-00918-KGB, 2020 WL 6387555, at *6 (E.D. Ark. Oct. 30, 2020); *see also* Hammer Decl., ¶¶ 2-4 (referring to orders granting AIL's motions to compel arbitration in *Berry, et al. v. Am. Income Life Ins. Co.*, 2:20-CV-00110 (W.D. Pa. Sept. 20, 2020); *Bruce v. Am. Income Life Ins. Co. et al.,* No. 3:18-CV-00258-G-BT (N.D. Tex. July 27, 2018); *Samuel, et al. v. Serur Agencies Mgmt. et al.,* No. 1881-CV-00261 (Mass. Super. Ct. June 17, 2019).) In all of these cases, the plaintiffs filed lawsuits alleging various wage and hour claims, contending that they were misclassified as independent contractors. In all of these cases, the court compelled all claims to individual arbitration because plaintiffs and AIL[2] had agreed to arbitrate the claims pursuant to enforceable arbitration agreements.

### ***C. Plaintiffs File—and Refuse to Dismiss—this Lawsuit Despite the Unanimous Decisions Enforcing AIL's Arbitration Agreements***

On July 22, 2022—the same day that the court in *Zinsky* compelled the plaintiff

---

[2] The State General Agent—in this case, Defendant Arias Agencies—also is a party to the agent contract. Accordingly, in those cases in which the plaintiff also sued the State General Agent, (as Plaintiffs have done here) the court compelled the claims against the State General Agent to arbitration as well. *Zinsky v. Russin*, No. 2:22-CV-547, 2022 WL 2906371, at *5 (W.D. Pa. July 22, 2022); *Patterson v. Am. Income Life Ins. Co*., No. 4:19-CV-00918-KGB, 2020 WL 6387555, at *7 (E.D. Ark. Oct. 30, 2020).

(represented by the same counsel who represents Plaintiffs here) to arbitrate her claims against AIL and Arias Agencies—Burkes filed this putative collective and class action despite agreeing to individually arbitrate his claims. (ECF No. 1.) The remaining Plaintiffs subsequently opted into the lawsuit, despite also agreeing to individually arbitrate their claims. (ECF Nos. 6-12, 15, 20-21, 31-34, 37-38.)

On August 22, 2022, Defendants' counsel conferred with Plaintiffs' counsel in accordance with this Court's August 3, 2022 Order (ECF No. 14), during which AIL's counsel indicated that Plaintiffs do not have any basis to refuse to comply with their arbitration agreements. (Hammer Decl., ¶ 5.) On September 6, 2022, Plaintiffs' counsel advised Defendants' counsel that Plaintiffs agreed to "proceed[] with AAA Arbitration," but insisted on staying the action rather than dismissing it without prejudice and proceeding in arbitration. (*Id.*, Ex. 1.) That same day, despite agreeing to proceed with individual arbitration in AAA, counsel for Plaintiffs filed a consent to opt in "as a class member" for another sales agent with an arbitration agreement. (ECF No. 31.)

The parties subsequently conferred on September 14, 2022 regarding the voluntary dismissal of the action without prejudice, given that no party had filed a responsive pleading and that Plaintiffs did not dispute their claims are subject to arbitration. (*Id.*, ¶ 7.) Yet Plaintiffs refused to dismiss the action without prejudice and continued to file "opt ins" to this action, despite their claims *also* being subject to individual arbitration. (*See* ECF Nos. 32-34; Hammer Decl., Ex. 2.)

On September 22, 2022, AIL's counsel emailed Plaintiffs' counsel and again requested that Plaintiffs dismiss the action without prejudice. (Hammer Decl., Ex. 2.) In response, Plaintiffs' counsel stated, "[t]o be clear, I have already acknowledged that the claims are subject to arbitration multiple times now," yet continued to refuse to dismiss the action. (*Id.*) And despite the clear acknowledgement that such disputes were subject to individual arbitration, on October 11 and 14, 2022, counsel for Plaintiffs *yet again* filed consents to opt in "as a class member" for two other sales agents with arbitration agreements. (ECF Nos. 37-38.)

Because there is no dispute that all of Plaintiffs' claims in this action are subject to individual arbitration, the parties entered into a stipulation to submit them to individual arbitration. A copy of the stipulation is attached as Exhibit 3 to the Hammer Declaration. Accordingly, the sole dispute to be resolved by this motion is Defendants' request that the Court dismiss Plaintiffs' claims without prejudice, rather than stay the action, pending arbitration.

## III. THE COURT SHOULD ORDER PLAINTIFFS TO INDIVIDUAL ARBITRATION AND DISMISS PLAINTIFFS' CLAIMS WITHOUT PREJUDICE

### *A. The Court Must Order the Individual Arbitration of Plaintiffs' Claims Based on the Parties' Stipulation*

Under the Federal Arbitration Act, the Court must compel arbitration if: (1) a valid arbitration clause exists, and (2) the dispute falls within the substantive scope of that clause. *See John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998); 9 U.S.C. § 4. Here, the Parties have stipulated that all of Plaintiffs' claims are subject to binding, individual arbitration under their respective arbitration agreements. (Hammer Decl., Ex. 3.) Accordingly, the Court must order the claims of each Plaintiff to individual arbitration. *See MZM Constr. Co., Inc. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 402 (3d Cir. 2020) ("[O]nce a dispute has arisen, [the parties] can agree by stipulation to submit their entire dispute to arbitration, including any gateway issues regarding the formation of the original contract containing the delegation provision."); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019) (holding that arbitration, and the delegation of the question of arbitrability, are matters of contract, and that gateway arbitrability issues can be delegated to an arbitrator); *Leone v. Am. Acad. Health Sys., L.L.C.*, No. CV 18-3769, 2019 WL 13102310, at *1 (E.D. Pa. Oct. 25, 2019) (noting prior approval of parties' stipulation to submit the claims to individual arbitration).

### *B. Plaintiffs' Claims Should Be Dismissed Pending Arbitration*

Plaintiffs concede that their claims are subject to arbitration, and thus this Court lacks subject matter jurisdiction and dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1). *See, e.g.*, *Dimattei v. Diskin Motors, Inc.*, No. CV 16-5183, 2017 WL

1283943, at *4 (E.D. Pa. Apr. 6, 2017) ("The Court concludes that a valid arbitration agreement exists in this case and therefore dismisses Mr. Dimattei's Complaint for lack of subject matter jurisdiction."); *Jones v. Judge Tech. Servs. Inc.*, No. CIV.A. 11-6910, 2014 WL 3887733, at *8 (E.D. Pa. Aug. 7, 2014) (dismissing claims, pursuant to Rule 12(b)(1), of those plaintiffs who were subject to an arbitration agreement); *Daly v. Norfolk S. R. Co.*, No. CIV. 09-4609 WJM, 2011 WL 2559533, at *1 (D.N.J. June 27, 2011); *Allstate Ins. Co. v. Masco Corp.*, No. 06-3183, 2008 WL 183651, at *2 (E.D. Pa. Jan. 22, 2008) ("Where parties have agreed to submit claims to arbitration under a valid and enforceable arbitration clause or agreement, dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper."); *Hemberger v. E*Trade Fin. Corp.*, No. CIV.A.07-1621(SDW), 2007 WL 4166012, at *3 (D.N.J. Nov. 19, 2007) ("A valid and enforceable arbitration agreement will divest the court of subject matter jurisdiction over the arbitrable disputes.") (citing 9 U.S.C. § 2).[3] Because the Parties have stipulated that the claims of all Plaintiffs are subject to binding individual arbitration, dismissal under Rule 12(b)(1) is proper.

[3] Some courts within the Third Circuit have declined to use Rule 12(b)(1) as a vehicle for dismissal of actions where all claims are subject to arbitration, taking the position that a motion to compel arbitration is not jurisdictional. *See, e.g.*, *Mount v. Peruzzi of Langhorne LLC*, No. CV 21-2166, 2021 WL 3708714, at *2 (E.D. Pa. Aug. 20, 2021). But given the absence of clear guidance from the Third Circuit, "judges in [the Third Circuit] have allowed such motions [to dismiss for lack of jurisdiction] to proceed." *Dimattei*, 2017 WL 1283943, at *1 (collecting cases and holding "[t]he Court will join others in this District who have allowed Rule 12(b)(1) motions in this context."). Courts in other circuits have reached the same conclusion. *See, e.g.*, *Alvarez-Mauras v. Banco Popular of Puerto Rico*, 919 F.3d 617, 624 (1st Cir. 2019) (affirming dismissal of claims subject to arbitration under Rule 12(b)(1)); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (concluding "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable") (citation omitted); *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014) ("[A] district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration."); *NYP Holdings, Inc. v. Newsp. and Mail Deliverers' Union of New York and Vicinity*, 01-cv-004451 (SAS), 2002 WL 1603145, at *1 n.2 (S.D.N.Y. July 18, 2002) ("The Union's assertion that arbitration is the proper forum for the Post's claims is considered a motion under Rule 12(b)(1) that this Court lacks subject matter jurisdiction over the action.") (citing *Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377, 381 (S.D.N.Y. 2002)).

Even if the Court declines to follow the numerous decisions permitting dismissal of claims subject to arbitration under Rule 12(b)(1), dismissal—rather than a stay—is still warranted under Rule 12(b)(6). The Third Circuit's "decisions support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted." *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004); *Berkery v. Cross Country Bank*, 256 F. Supp. 2d 359, 364 (E.D. Pa. 2003) (a court "may also dismiss the action instead of staying it" if all the claims involved in an action are arbitrable).

Plaintiffs' conduct in this case in particular weighs heavily in favor of dismissal. Plaintiffs concede that all of their claims are subject to binding arbitration, and they accordingly should never have been brought in this forum. (Hammer Decl., Exs. 1-3.) Even after conceding the enforceability of Plaintiffs' arbitration agreements, Plaintiffs' counsel continued to file multiple consents to opt-in by new Plaintiffs who are bound by the same arbitration agreement, demonstrating a transparent intention to continue to file opt-ins if the case is stayed rather than dismissed. (*See* ECF Nos. 31-34, 37-38.) Dismissal is thus necessary to prevent the continued frivolous addition of opt-ins—whose claims are concededly must proceed in individual arbitration, who have waived their rights to participate as a class member, and who are merely attempting to bootstrap into an action that should not have been filed in court in the first place—and serial motion practice that would waste party and judicial resources. Staying this case would be inappropriate under the circumstances, and this matter should therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, AIL respectfully requests that the Court (i) compel Plaintiffs David Burkes, Toby Painter, Abeni Mayfield, Mikelle Mayfield, Nicholas Atallah, Jennifer Reed, Meredith Carrier, Hunter Renninger, Tyler Szpakowski, Emily Fleming (née Marous), Brendan Gilbert, Christina Quillen, Joseph Lamb, Christopher Gilbert, and Corey Rodriguez to pursue their individual claims on a non-collective/non-class basis in arbitration, and (ii) dismiss this action without prejudice.

Respectfully submitted,

AMERICAN INCOME LIFE INSURANCE COMPANY,

By its attorneys,

Dated: October 24, 2022

/s/ Albert Giang

Albert Giang (admitted *pro hac vice*)
Jeffrey Hammer (admitted *pro hac vice*)
Ramon Miyar (admitted *pro hac vice*)
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 218-4002
Fax: (213) 443-4310
Email: agiang@kslaw.com
jhammer@kslaw.com
rmiyar@kslaw.com

Andrea M. Kirshenbaum (Pa. Bar No. 88030)
Post & Schell, P.C.
One Oxford Centre
301 Grant Street, Suite 3010
Pittsburgh, Pennsylvania 15219
Tel: (215) 587-1126
Fax: (215) 320-4711
Email: AKirshenbaum@PostSchell.com