IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BURKES, et. al | Civil Action No. 2:22-cv-01054-WSH |
| Plaintiffs, | Complaint-Class and Collective Action |
| | Jury Trial Demanded |
| vs. | |
| ARIAS AGENCIES, AMERICAN INCOME LIFE INSURANCE COMPANY, GLOBE LIFE INC. | ELECTRONICALLY FILED |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO DISMISS AND MOTION TO COMPEL CONSOLIDATION OF ARBITRATION PROCEEDINGS**

Plaintiffs, David Burkes ("Plaintiff" or "Burkes") by and through their undersigned counsel, individually and on behalf of all persons similarly situated, files this Response to Defendant, American Income Life Company's ("Defendant" or "AIL"), Motion to Compel Individual Arbitration and to Dismiss and Defendant, Arias Agencies' ("Defendant" or "Arias") Motion to Join American Income Life Insurance Company's Motion to Compel Arbitration and to Dismiss and Motion to Compel Consolidation of Arbitration Proceedings.

### I.     Introduction

On or about July 22, 2022, Plaintiffs initiated this case against Defendants alleging various wage an hour claims, including but not limited to violation of Federal Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et seq. ("FLSA") and related Pennsylvania state law claims. Subsequently, counsel for AIL requested a meet and confer conference with regard to AIL's intent to file a Motion to Compel Arbitration. In that context, Plaintiffs' counsel agreed to proceed to

arbitration[1], but not as to Defendants' insistence on dismissal of the instant matter. Since, four additional Plaintiffs filed Consents to Opt In. At present, there is a total of 18 Plaintiffs in the subject litigation.

In their Motion to Compel Arbitration and Dismiss, Defendants argue that this matter cannot be stayed, but rather must be dismissed without prejudice during the pendency of the arbitration. However, Defendants' argument is not supported by the Federal Arbitration Act, 9 U.S.C. §§1-16 ("FAA") and relevant caselaw. To the contrary, said legal precedent requires that this matter be stayed pending arbitration.

Given the growing number of claims, Plaintiffs also move this Honorable Court to consolidate their arbitration proceedings pursuant to the Pennsylvania Revised Uniform Arbitration Act, 42 Pa.C.S.A. §§7321.1-7321.3.

## II. BACKGROUND FACTS

### I. *Relevant Procedural Background*

Plaintiffs are a group of individuals who previously worked on behalf of the Defendants as life insurance agents. On or about July 22, 2022 Plaintiffs initiated this case against Defendants alleging violation of the FLSA, and related Pennsylvania state law claims against Defendants. Plaintiffs request monetary damages and equitable relief in the form of unjust enrichment and recission of their employment contracts with AIL ("Agent Contracts") as a result of being fraudulently induced to enter same.

At the time of Plainitffs' filing, a separate case was pending against Defendants which had been initiated by another class of similarly situated plaintiffs' with claims identical to those of Plaintiffs. *See Berry et al. v. Am. Income Life Ins. Co.,* 2:20-CV-00110 (W.D. Pa. Sept. 20, 2020).

---

[1] Plaintiffs do not waive any alleged claims or arguments including but not limited to that for recission of the Agent Contract based on fraud in the inducement, and/or arbitrating 14 or more separate cases with identical facts and evidence is a nonsensical waste of judicial and arbitration resources.

In *Berry*, the Honorable Judge Lenihan ordered that the case be stayed pending the resolution of arbitration. Notwithstanding Defendants pending Motion to Compel Arbitration, the plaintiffs continued to file individual Consents to Opt In to the *Berry* matter, after even after Judge Lenihan granted Defendants' Motion to Compel Arbitration.

Upon consideration of the Defendants' identical Motion to Compel Aritration in a separate matter involving identical claims of violation of the FLSA and related Pennsylvana state laws[2], the Honorable Judge Horan ordered that "A stay against those [D]efendants is granted pending completion of arbitration unless Court intervention becomes necessary." *See Zinsky v. Russin,* No. 2:22-CV-547, 2022 WL 2906371 (W.D. Pa. July 22, 2022). Like Zinsky's wage and hour claims against the Defendants, the Plaintiffs' wage and hour claims in the instant matter should be stayed pending resolution in arbitration.

## II.     *AIL's Obligation to Pay for Plaintiffs' Arbitration Expenses*

It is undisputed that AIL is obligated to pay for Plaintiffs' arbitraton expenses. Plaintiffs' contracts expressly state tht "The Company shall pay any AAA filing, administrative, and/or arbitrator fee(s)." (Compl., Ex.B, p. 4.) AIL's counsel has further confirmed this on multiple occasions. (Declaration of Amy N. Williamson ("Williamson Decl.") attached hereto as Ex. A.)

For example, on August 22, 2022 and September 22, 2022, counsel for all parties conferred, during which Plaintiff's counsel agreed to proceed with AAA arbitration in concept, but did not agree with Defendants' counsels' insistence to dismiss the case without prejudice. Instead, Plainitffs' counsel referenced the most recent precedent in the *Berry* and *Zinsky* matters wherein the Court stayed the underlying litigation. (Williamson Decl. ¶¶4,5). During the same conversation, Plaintiffs' counsel explained her practical concerns relating to AIL's payment for

---

[2] In *Zinsky*, the Plaintiff has additional claims pending against Defendants and their agents for breach of contract, sexual assault, false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, defamation, intrusion upon seclusion, and violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e – 2000e17 (discrimination, sexual harassment, and retaliation).

the prospective AAA filings. (Williamson Decl. ¶6.) AIL's counsel, Jeffery Hammer, assured Plaintiff's counsel that AIL would require an invoice from AAA in order to consider paying Plaintffs' costs related to same. Plaintiffs' counsel responded that was not possible given the fact that AAA only provides invoices post payment, since payment is a prerequisite for filing. (Williamson Decl. ¶7).

Over the course of additional conversations and correspondence, including but not limited to a call with counsel on October 11, 2022 and two email correspondence dated October 14, 2022, Plaintiffs' counsel has followed up with Defendants' counsel on multiple occasions advising that that AAA confirmed that Plaintiffs' would not be able to file claims or demands without an up front payment for same. (Williamson Decl. ¶8.)

Despite AIL's undisputed obligations, it has failed to provide any payments or means for the Plaintiffs' to collect the arbitration costs owed by AIL in order to file claims with AAA. Instead, Defendants' counsel attempts to twist a seemingly straightforward administrative issue into something nefarious by obscuring and/or completely glossing over the most relevant facts, i.e. AIL refuses to pay for Plaintiffs' AAA fees. Moreover, Defendants' counsel has failed to provide any legal authority precluding Plantiffs from filing Consents to Opt In to an active, pending litigation such as this.

Similarly, AIL has refused to submit any payments for Plaintiff's AAA filing, administrative, and/or arbitor fee(s) in the *Zisky* matter. In order to get her AAA Demand filed, Ms. Zinsky was forced to pay her own AAA filing fees on or about September 27, 2022 and has yet to receive any reimbursement from AIL. (Williamson Decl. ¶¶13, 15.) Like Hammer, AIL's counsel in Zinsky, Anne Dana ("Dana") represented that AIL required an invoice from AAA before considering payment of Ms. Zinsky's fees. Plaintiff's counsel explained that was not possible since AAA requires payment at the time of filing. (Williamson Decl. ¶12.)

Notwithstanding, Plaintiff's counsel provided Dana with the AAA invoice for Ms. Zinsky's filing on or about September 27, 2022 (Williamson Decl. ¶13.) Despite four attempts to follow up with AIL's counsel in the *Zinsky* matter, Plaintiff's counsel has yet to receive any payment from AIL or status update on same. (Williamson Decl. ¶¶14, 15.)

Plaintiffs find themselves in a "Catch 22" since they are unable to initiate arbitration without paying the filing fees required by the AAA and, at the same time, prohibited from filing Consents to Opt In to the instant matter, at least according to Defendants' counsel. While the Plaintiffs have been open to compromise, AIL's refusal to pay for Plaintiffs' AAA costs has forced Plaintiffs to continue to file their Consents to Join with this Honorable Court at this time.

## III.   Argument

### A. *Plaintiffs' Claims Must be Stayed Pending Arbitration*

In *Sens v. John Nuveen & Co., Inc.,* 146 F.3d 175 (3d Cir.1998), the Third Circuit concluded that the district court had discretion to determine whether to dismiss or stay proceedings once arbitration was compelled. *See id.* at 179. As noted above, the U.S. District Court of the Western District of Pennsylvania recently stayed two cases with identical claims against the Defendants while arbitration is pending, i.e. *Berry* and *Zinsky*. In *Sens*, the Third Circuit relied, in part, on the pertinent provision of the Federal Arbitration Act ("FAA") which provides as follows:

> [U]pon being satisfied that the [claim] involved in [the pending] suit or proceeding is referable to arbitration under . . . an agreement [in writing for such arbitration], [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

9 U.S.C. §3.

Citing *Sens*, the Honorable Judge Nora Barry Fischer ordered a stay in the *Grimm v. First National Bank of Pennsylvania* case while the case was pending arbitration. *See Id.*, Case 2:08-cv-00785-NBF, Document 34, September 16, 2008. More specifically, Judge Fischer opined that

the "FAA further provides that if a court is satisfied that the issue before it is referable to arbitration, upon application of one of the parties, a court shall stay its proceedings until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3F.3d 263, 269 (3d Cir. 2004). (*Citing Seus v. John Nuveen & Co., Inc*., 146 F.3d 175, 179 (3d Cir. 1998)). To be abundantly clear, the Plaintiffs are herein requesting a stay in the instant proceeding.

Historically, the Courts of Appeals were somewhat divided on this issue until the Second Circuit decided in *Katz v. Cellco Partnership, dba Verizon Wireless*, 2015 WL 4528658 (2d Cir. July 28, 2015), that such a stay was mandatory. The Court relied on the legislative use of the word "shall". "It is axiomatic that the mandatory term 'shall' typically 'creates an obligation impervious to judicial discretion'. *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)." *Cf. Lopez v. Davis*, 531 U.S. 230, 241 (2001). The Second Circuit joined the Third, Seventh, Tenth, and Eleventh Circuits indicating (expressly or impliedly) that, upon an application, a stay must follow an order compelling arbitration holding definitively in *Katz* that the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay requested." S*ee Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015); *Lloyd v. Hovensa, LLC*, 369 F.3d 263 (3d Cir. 2004); *Cont'l Cas. Co. v. Am. Nat'l Ins*., 417 F.3d 727 (7th Cir. 2005); *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953 (10th Cir. 1994); *Pre-Paid Legal Services, Inc. v. Cahill*, 2015 WL 3372136 (10th Cir. May 26, 2015).

For the aforementioned reasons, this Honorable Court must deny Defendants' Motion to Compel Individual Arbitration and to Dismiss.

### B. *Plaintiffs' Motion to Consolidate Arbitration Proceedings*

#### 1. Introduction

As noted above, and more specifically in Plaintiffs' Complaint, the Plaintiffs (now 18 in number) share identical factual allegations and legal claims against the Defendants. Since signing

the aforementioned Stipulation, Plaintiffs' counsel has been contacted by various additional former agents of the Defendants, some of whom have since opted in to the instant matter, and some of whom anticipate to do so near term. (Williamson Decl.XX). Given the growing number of Plaintiffs and potential Plaintiffs, the Plaintiffs now move this Honorable Court to consolidate the Plaintiffs' (arguably) separate arbitration proceedings pursuant to the Pennsylvania Revised Uniform Arbitration Act, 42 Pa.C.S.A. §§7321.1-7321.3 ("RUAA").

**2. Plaintiffs Arbitration Claims Should be Consolidated Pursuant to the Pennsylvania Revised Uniform Arbitration Act**

Pursuant to §§7321.11 of the RUAA, upon motion of a party to an agreement to arbitrate or to an arbitration proceeding, the court may order consolidation of separate arbitration proceedings as to all or some of the claims if:

(1) there are separate agreements to arbitrate or separate arbitration proceedings between the same persons, or one of them is a party to a separate agreement to arbitrate or a separate arbitration proceeding with a third person;

(2) the claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions;

(3) the existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and

(4) prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation.

First, there is no dispute that there are separate agreements to arbitrate. *See* Declaration of Debra Gamble dated October 24, 2022. Specifically, Ms. Gamble declares, under penalty of perjury, that each of the Plaintiffs signed an Agent Contract containing an agreement to submit all disputes with Defendants to arbitration. (Gamble Decl., ¶3). Plaintiffs' do not dispute same. (Compl., ¶¶21, 22.)

Second, the Plaintiffs' claims subject to their Agent Contracts clearly arise in substantial part from the same transaction or series of related transactions, i.e. their employment with the

Defendants as life insurance sales agents and the Defendant's misclassification of Plaintiffs as independent contractors related to same. In that context, the Plaintiffs' factual allegations and legal claims are identical including but not limited to the following particulars:

1) Plaintiffs are all individuals who trained to become and/or worked as sales agents/insurance producers for American Income Life Insurance in the last three (3) years; (Compl. ¶¶13, 14.)

2) Plaintiffs allege identical controlling contractual provisions in their Agent Contracts; (Compl., ¶¶21, 22.)

3) Plaintiffs allege identical experiences and mistreatemnet by Defendants in the course of their training; (Compl. ¶¶33-41.)

4) Plainitiffs allege working in the same position, i.e. insurance sales agents, performing the same day-to-day duties and job responsibilities and misclassified as independent contractors as a result; (Compl., ¶¶25-32, 42-52, 55.) and,

5) Plaintiffs' were required to perform their duties pursuant to the same policies and procedures of Defendants, including but not limited to Arias Agencies Playbook, phone scripts, and Arias Agency Office Procedures. (Compl., ¶¶24, 27, 39.)

Third, Plaintiffs share common issues of law and fact which creates the possibility of conflicting decisions in the separate arbitration proceedings. Specific examples of those common issues of law and fact are identified above, and expressly addressed as such in Plaintiffs' Complaint. (Compl. ¶¶60, 61.)

Fourth, prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation. To the contrary, the Defendants would suffer no prejudice or hardship as a result of consolidation of Plaintiffs arbitration claims. In fact, given AIL's obligation to pay for Plaintiffs' arbitration

expenses, AIL would gain significant pecuniary benefit from consolidation of the Plaitiffs' claims. In addition, other expenses such as counsel fees and travel fees for all parties would be drastically diminished for all parties to one consolidated proceeding as opposed to 18 or more separate proceedings based on identical factual allegations and legal claims.

Prejudice resulting from failure to consolidate, i.e. arbitrating 18 or more separate cases based on the same underlying transaction, is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to Defendants. It is axiomatic that arbitrating 18 or more separate cases would result in a magnitude of additional time and delay as compared to one consolidated proceeding. Consolidation of the Plaintiffs arbitration claims would benefit all parties' interests in time, consistency, costs, and other judicial and arbitration resources.

### 3. The FAA Does Not preempt the Pennsylvania Uniform Arbitration Act in This Case

There is no language in the FAA that explicitly preempts the enforcement of state arbitration statutes. As the Supreme Court explained in *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), "The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Id.* at 477, 109 S.Ct. 1248 (*citing Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956), which upheld application of state arbitration law to an arbitration provision in a contract not covered by the FAA). The *Volt* Court, in determining whether to enforce an arbitration agreement using a California procedural rule that has no counterpart in the FAA, stated that "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Id.* at 476, 109 S.Ct. 1248. The Court then ruled that the application of the California procedural rule to stay arbitration to the agreement, in accordance with a choice-of-law provision contained therein, was appropriate because while "state

9

law may nonetheless be pre-empted [by the FAA] to the extent that it actually conflicts with federal law-that is, to the extent that it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," the application of the state procedural rule, "in accordance with the terms of the arbitration agreement itself, would [not] undermine the goals and policies of the FAA." *Id.* at 477-78, 109 S.Ct. 1248 (internal quotations and citations omitted).

Similarly, the Third Circuit held that state laws that permit more arbitration than federal law by enforcing arbitration agreements in all "contracts of employment," would not interfere with the federal policy of promoting arbitration. More specifically, the Third Circuit held that the FAA did not preempt the enforcement of an arbitration agreement pursuant to Washington state's arbitration law in a case involving an employee who was FAA-exempt but who was not exempt from the Washington arbitration law. *Palcko v. Airborne Express,* 372 F.3d 588, 596 (3rd Cir. 2004); *see also Valdes v. Swift Transp. Co.*, 292 F.Supp.2d 524, 529 (S.D.N.Y. 2003) (FAA does not preempt enforcement under New York arbitration law for FAA-exempt employee).

Here, Plaintiffs are not disputing that the Plaintiffs' claims are subject to arbitration or the federal policy of promoting arbitration. On balance, Plaintiffs are merely requesting that the parties proceed to arbitration in an efficient and reasonable manner to ensure consistency and avoid the abuse of judicial and arbitration resources. For these reasons, Plaintiffs request this Honorable Court to grant their Motion to Compel Consolidation of Arbitration Proceedings.

## IV.     CONCLUSION

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, requests an order for relief as follows:

A. An order denying Defendants' Motion to Compel Arbitration and to Dismiss;
B. An order staying the instant action pending arbitration with the American Arbitration Association ("AAA");
C. An order consolidating Plaintiffs arbitration proceedings to one proceeding before AAA; and,
D. An order requiring Defendant, AIL, to provide an upfront payment for any and filing, administrative, and/or arbitrator fee(s) required for Plaintiffs to proceed with prosecuting their claims with the AAA.

Date: November 15, 2022                                    Respectfully submitted,

                                                           PLAINTIFFS,
                                                           By their attorneys,

                                                           */s/ Amy N. Williamson*_____
                                                           Amy N. Williamson, Esq.
                                                           Williamson Law LLC
                                                           Law and Finance
                                                           429 Fourth Avenue, Suite 300
                                                           Pittsburgh PA 15219
                                                           412-600-8862
                                                           awilliamson@awilliamsonlaw.com