**IN THE UNITED STATES DISTRICT COURT**
**FOR WESTERN DISTRICT OF PENNSYLVANIA**

DAVID BURKES on behalf of himself and
others similarly situated,

Plaintiffs,

v.                                   CIVIL ACTION NO. 2:22-CV-01054-WSH

ARIAS AGENCIES, and AMERICAN
INCOME LIFE INSURANCE COMPANY,

Defendants.


**REPLY IN SUPPORT OF DEFENDANT AMERICAN INCOME LIFE INSURANCE**
**COMPANY'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO DISMISS**

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ..................................................................................................1

II.  THE COURT SHOULD DENY PLAINTIFFS' REQUEST TO CONSOLIDATE
     ARBITRATION PROCEEDINGS..........................................................................2

     A.   Plaintiffs Have Already Stipulated to Individual Arbitration .................................2

     B.   The Arbitration Agreement Requires Individual Arbitration .................................2

     C.   The Parties Agreed that the Federal Arbitration Act—Not Pennsylvania's
          Revised Uniform Arbitration Act—Governs ..........................................................3

III. THE COURT SHOULD DISMISS OR, ALTERNATIVELY,
     ADMINISTRATIVELY CLOSE THE CASE ........................................................4

IV.  PLAINTIFFS' REPRESENTATIONS REGARDING ARBITRATION FEES
     ARE FALSE AND FURTHER DEMONSTRATE WHY DISMISSAL IS
     WARRANTED ........................................................................................................7

V.   CONCLUSION........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Masco Corp.*,
No. 06-3183, 2008 WL 183651 (E.D. Pa. Jan. 22, 2008)...........................................5

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011)....................................................................................................2

*Certain Underwriters at Lloyd's London v. Century Indem. Co.*,
No. CIV.A.05-2809, 2005 WL 1941652 (E.D. Pa. Aug. 1, 2005) ............................3

*Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*,
489 F.3d 580 (3d Cir. 2007)......................................................................................3

*Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*,
210 F.3d 771 (7th Cir. 2000) ....................................................................................3

*Daly v. Norfolk S. R. Co.*,
No. CIV. 09-4609 WJM, 2011 WL 2559533 (D.N.J. June 27, 2011) .......................5

*Dimattei v. Diskin Motors, Inc.*,
No. CV 16-5183, 2017 WL 1283943 (E.D. Pa. Apr. 6, 2017) ..................................4

*Hemberger v. E\*Trade Fin. Corp.*,
No. CIV.A.07-1621(SDW), 2007 WL 4166012 (D.N.J. Nov. 19, 2007).................5

*Jones v. Judge Tech. Servs. Inc.*,
No. CIV.A. 11-6910, 2014 WL 3887733 (E.D. Pa. Aug. 7, 2014) ..........................4

*Lamps Plus, Inc. v. Varela*,
139 S. Ct. 1407 (2019)...............................................................................................2

*Lloyd v. Hovensa, LLC*,
369 F.3d 263 (3d Cir. 2004)......................................................................................5

*New Valdes v. Swift Transp. Co.*,
292 F. Supp. 2d 524 (S.D.N.Y. 2003).......................................................................4

*Palcko v. Airborne Express, Inc.*,
372 F.3d 588 (3d Cir. 2004).....................................................................................4, 5

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
559 U.S. 662 (2010)....................................................................................................3

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*,
   489 U.S. 468 (1989)....................................................................................................4

**Statutes**

9 U.S.C. § 4.................................................................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ...............................................................4, 5

Federal Rule of Civil Procedure 12(b)(6) ..................................................................5

## I.    INTRODUCTION

Plaintiffs[1] never should have filed this action in Court and instead should have pursued their claims in individual arbitration in accordance with their arbitration agreements.  Plaintiffs concede that their claims are subject to individual arbitration yet continue to file consents for "opt-ins" in Court—including four additional opt-ins filed *after* Plaintiffs' counsel had already stipulated that such claims are subject to arbitration and *after* Defendant American Income Life Insurance Company ("AIL") filed its Motion to Compel Individual Arbitration and Dismiss ("Motion")—in blatant disregard of their contractual obligations.[2]

The Court should reject Plaintiffs' late-filed[3] request under Pennsylvania law that their claims be consolidated in a single arbitration proceeding.  Plaintiffs have already ***stipulated*** that their claims "are subject to ***individual arbitration*** in accordance with the arbitration agreements that each respective Plaintiff entered with AIL and Arias," (ECF No. 40-6 ("Stipulation Regarding Arbitrability of Claims") (emphasis added)) and the Court should enforce their stipulation.  Moreover, the arbitration agreements expressly provide for individual—*i.e.*, not consolidated—arbitration, and are governed by the Federal Arbitration Act (the "FAA"), not Pennsylvania law.

The Court also should reject Plaintiffs' request to stay a court action that never should have been filed in the first place.  There was no justification for Plaintiffs to file a court action and no basis for their continued refusal to dismiss it.  Indeed, Plaintiffs' continued practice of filing consents in court for "opt ins" who concede that their dispute with AIL should be in

---

[1] Plaintiff David Burkes and all Opt-in Plaintiffs:  Toby Painter, Abeni Mayfield, Mikelle Mayfield, Nicholas Atallah, Jennifer Reed, Meredith Carrier, Hunter Renninger, Tyler Szpakowski, Emily Fleming (née Marous), Brendan Gilbert, Christina Quillen, Joseph Lamb, Christopher Gilbert, Corey Rodriguez, Collin Bannister, Cameron Labrie, David Haak, and Julia Gogol.

[2] Opt-in Plaintiffs Bannister, Labrie, Haak, and Gogol filed their consents before Plaintiffs filed their Response.  (*See* ECF Nos. 43-46.)  Plaintiffs concede that all Plaintiffs, including these most recently filed opt-ins, "are not disputing that the Plaintiffs' claims are subject to arbitration or the federal policy of promoting arbitration."  (ECF No. 47 ("Response") at 10.)

[3] Plaintiffs filed their Response after the November 14, 2022 filing deadline pursuant to Chamber Practice and Procedure II.D(3).

individual arbitration confirms their improper use of court proceedings and the need for dismissal.  Accordingly, this action should be dismissed without prejudice and Plaintiffs ordered to pursue their claims in individual arbitration in accordance with the parties' stipulation.

## II.    THE COURT SHOULD DENY PLAINTIFFS' REQUEST TO CONSOLIDATE ARBITRATION PROCEEDINGS

Plaintiffs' concededly "are not disputing that the Plaintiffs' claims are subject to arbitration," but request that their arbitrations be consolidated in a single proceeding pursuant to Pennsylvania law.  (Response at 10.)  The Court should reject this request because (i) Plaintiffs already have stipulated to individual arbitration, (ii) the arbitration agreement requires individual arbitration, and (iii) the arbitration agreement is governed by the FAA, not Pennsylvania law.

### A.    *Plaintiffs Already Have Stipulated to Individual Arbitration*

Plaintiffs are former AIL sales agents who are subject to binding arbitration agreements that each of them entered into with AIL and Defendant Arias Agencies ("Arias").  (ECF No. 40-1, Gamble Decl., ¶ 3.)  Plaintiffs already have stipulated that their claims "are subject to *individual arbitration* in accordance with the arbitration agreements that each respective Plaintiff entered with AIL and Arias," (Stipulation Regarding Arbitrability of Claims (emphasis added)) and on that basis alone the Court should reject Plaintiffs' eleventh hour request to consolidate arbitration proceedings and order Plaintiffs to individual arbitration.

### B.    *The Arbitration Agreement Requires Individual Arbitration*

The Court should reject Plaintiffs' consolidation request for the additional reason that the parties' arbitration agreements require individual arbitration.  Courts must "enforce covered arbitration agreements according to their terms."  *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms") (citations omitted); 9 U.S.C. § 4 (providing that a district court may issue "an order directing that such arbitration proceed in the manner provided for in [an

arbitration] agreement" and "in accordance with the terms of the agreement").

Here, the arbitration agreement states that "[a]rbitration shall be on an individual, not a class, collective, representative, or private attorney general basis." (ECF No. 1-2, Compl., Ex. B ("Arbitration Agreement") at 5.) As noted in the Motion, two other federal courts in this same district have compelled similar sales agents to *individual* arbitration based on virtually identical arbitration language. (Motion at 2 (citing *Berry*[4] and *Zinsky*[5])). Likewise, this Court must enforce the parties' express agreement to arbitrate their claims on an individual basis and should reject Plaintiffs' request to consolidate the arbitration proceedings. *See Certain Underwriters at Lloyd's London v. Century Indem. Co.*, No. CIV.A.05-2809, 2005 WL 1941652, at *2 (E.D. Pa. Aug. 1, 2005) (refusing to "order consolidation of these arbitrations as sought by Respondents because there is no explicit agreement to do so"); *see also Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000) (a court "cannot consolidate, transfer, etc. arbitration proceedings in defiance of the parties' wishes or contractual undertakings"). Any other result would flout the longstanding presumptions against class arbitration. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010).[6]

## C.     The Parties Agreed that the Federal Arbitration Act—Not Pennsylvania's Revised Uniform Arbitration Act—Governs

Plaintiffs' consolidation request is premised on Pennsylvania's Revised Uniform Arbitration Act ("RUAA") (Response at 7-11), but the parties agreed that "all issues relating to arbitration or the enforceability of this agreement to arbitrate shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*," not Pennsylvania law. (Arbitration Agreement at 5.)

---

[4] *Berry, et al. v. Am. Income Life Ins. Co.*, No. 2:20-CV-00110 (W.D. Pa.).
[5] *Zinsky v. Russin, et al.*, No. 2:22-CV-547 (W.D. Pa.).
[6] Even if the arbitration agreement were silent on whether the parties agreed to consolidated arbitrations—which it is not—a request to consolidate proceedings is to be decided by the arbitrator, not the Court. *See Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 590 (3d Cir. 2007) (holding that consolidation issue must be resolved in arbitration given the "contractual silence as to the consolidation issue[] and the longstanding federal policy favoring arbitration").

Plaintiffs do not dispute that the arbitration agreement is subject to the FAA, but instead argue that the FAA does not preempt the RUAA in this case.  (Response at 9.)  The doctrine of preemption, however, has no application here because the parties have expressly agreed that the FAA—not Pennsylvania or any other state law—governs "all issues relating to arbitration or the enforceability of this agreement to arbitrate."  As the cases on which Plaintiffs rely (Response at 9-10) make clear, preemption arises where the parties have agreed to arbitrate pursuant to state law and the FAA and state law are in conflict.  *See Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989) (finding that "the parties have agreed to arbitrate in accordance with California law" and holding that the "state rules of arbitration" at issue were not in conflict with and thus not preempted by the FAA); *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 596 (3d Cir. 2004) (holding that express agreement to arbitrate dispute pursuant to Washington state law was not in conflict with FAA exemption for transportation workers and thus not preempted).[7]

The parties agreed that the arbitration agreement is governed by the FAA and Plaintiffs' request to consolidate proceedings pursuant to Pennsylvania law must be rejected.

## III.   THE COURT SHOULD DISMISS OR, ALTERNATIVELY, ADMINISTRATIVELY CLOSE THE CASE

Plaintiffs concede that their claims are subject to arbitration, and thus this Court lacks subject matter jurisdiction and dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1), *see, e.g.*, *Dimattei v. Diskin Motors, Inc.*, No. CV 16-5183, 2017 WL 1283943, at *4 (E.D. Pa. Apr. 6, 2017) ("The Court concludes that a valid arbitration agreement exists in this case and therefore dismisses Mr. Dimattei's Complaint for lack of subject matter jurisdiction."); *Jones v. Judge Tech. Servs. Inc.*, No. CIV.A. 11-6910, 2014 WL 3887733, at *8 (E.D. Pa. Aug. 7, 2014) (dismissing claims, pursuant to Rule 12(b)(1), of those plaintiffs who

---

[7] Plaintiffs also rely on *New Valdes v. Swift Transp. Co.*, 292 F. Supp. 2d 524 (S.D.N.Y. 2003), but in that case the court merely concluded that New York state law—not the FAA—governed the arbitration agreement and did not address preemption.  *Id.* at 530.

were subject to an arbitration agreement); *Daly v. Norfolk S. R. Co.*, No. CIV. 09-4609 WJM, 2011 WL 2559533, at *1 (D.N.J. June 27, 2011); *Allstate Ins. Co. v. Masco Corp.*, No. 06-3183, 2008 WL 183651, at *2 (E.D. Pa. Jan. 22, 2008) ("Where parties have agreed to submit claims to arbitration under a valid and enforceable arbitration clause or agreement, dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper."); *Hemberger v. E*Trade Fin. Corp.*, No. CIV.A.07-1621(SDW), 2007 WL 4166012, at *3 (D.N.J. Nov. 19, 2007) ("A valid and enforceable arbitration agreement will divest the court of subject matter jurisdiction over the arbitrable disputes.") (citing 9 U.S.C. § 2), or in the alternative, Rule 12(b)(6), *see Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004) (noting "traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted").

Plaintiffs do not address any of the authority cited by AIL that requires dismissal, and instead claim that the Court has "discretion to determine whether to dismiss or stay proceedings once arbitration was compelled." (Response at 5 (citing *Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 179 (3d Cir. 1998).)[8]  For the reasons stated above, the Court lacks jurisdiction and must dismiss the case but, even if the Court had discretion to stay the case, it should decline to do so here in light of Plaintiffs' repeated conduct.  Even after conceding the enforceability of Plaintiffs' arbitration agreements, Plaintiffs' counsel continued to file multiple consents to opt-in by new Plaintiffs who are bound by the same arbitration agreement—including four additional opt-ins after AIL filed its Motion—demonstrating a transparent intention to continue to file opt-ins if the case is stayed rather than dismissed.  (*See* ECF Nos. 31-34, 37-38, 43-46.)  Dismissal is thus necessary to prevent the continued frivolous addition of opt-ins, whose claims concededly should have been filed and must proceed in individual arbitration.

---

[8] Plaintiffs also cite *Lloyd v. Hovensa, LLC*, 369 F.3d 263 (3d Cir. 2004), in which the Third Circuit held that "the plain language of § 3 [of the FAA] affords a district court no discretion to dismiss a case where one of the parties ***applies for a stay*** pending arbitration." *Id.* at 269 (emphasis added).  Here, Plaintiffs have not filed an "application" for a stay as required under Section 3.

The *Berry* and *Zinsky* cases do not support Plaintiffs' request for a stay. (*See* Response at 2-3.) Unlike here, the plaintiffs in *Berry* and *Zinsky* did not stipulate to individual arbitration and so AIL moved to compel arbitration and affirmatively filed an "application" to stay pursuant to Section 3 of the FAA, which, upon granting AIL's motion to compel arbitration, the courts were required to grant.[9] Here, because Plaintiffs *concede* that their claims are subject to binding individual arbitration, AIL did not file an application to stay the action and instead seeks its dismissal. Put differently, Plaintiffs are not in the same position as the sales agents in *Berry* or *Zinsky*: (1) Plaintiffs filed this action *after* the district courts in *Berry* and *Zinsky* already held that their arbitration agreement is binding and enforceable (indeed, Plaintiffs are represented by the same counsel as *Zinsky*); (2) Plaintiffs stipulated to individual arbitration because they could not dispute that the arbitration agreement is binding; and (3) here, there is no need for an application to stay and no justification to keep open a court case that Plaintiffs concede should have been filed in arbitration in the first place.

Moreover, the *Berry* court *closed* the case and required that the parties "file a motion to re-open" the case "[s]hould further proceedings be required." (*Berry* Action, Dkt. No. 41.) Plaintiffs' claim that "the plaintiffs continued to file individual Consents to Opt In to the *Berry* matter, after even Judge Lenihan granted Defendants' Motion to Compel Arbitration" is wrong: the *Berry* plaintiffs did not file any further opt-ins after the motion to compel arbitration was granted and the case was closed.[10] Here, Plaintiffs' counsel's improper filing of opt-ins despite acknowledging such claimants should be proceeding in individual arbitration in the first place counsels *against* any exercise of discretion and in favor of dismissing the case.

The Court should dismiss this action without prejudice for the reasons stated above. In the event the Court is inclined to stay the action pending arbitration, AIL respectfully requests

---

[9] Plaintiffs' statement that this case filed while the *Berry* case "was pending against Defendants" (Response at 2) is wrong. The *Berry* action was dismissed on May 20, 2022, before this case was filed. (*Berry* Action, Dkt. No. 56.)

[10] The *Berry* plaintiffs filed a motion to reopen the case to file two additional opt-ins (*Berry* Action, Dkt. No. 42) but subsequently withdrew the motion (*Berry* Action, Dkt. No. 45).

that the Court stay and administratively close the case as the *Berry* court did.  (See *Berry* Action,

Dkt. No. 41.)  This will prevent the filing of additional opt-ins on behalf of plaintiffs whose

claims are subject to arbitration.

## IV.     PLAINTIFFS' REPRESENTATIONS REGARDING ARBITRATION FEES ARE FALSE AND FURTHER DEMONSTRATE WHY DISMISSAL IS WARRANTED

Plaintiffs' statement that "AIL refuses to pay for Plaintiffs' AAA fees" is false.

(Response at 4.)  AIL has repeatedly informed Plaintiffs' counsel that AIL will pay Plaintiffs'

arbitration fees and expenses in accordance with the arbitration agreement.  Plaintiffs' counsel

attached an emailed dated Friday, October 14, 2022, in which Plaintiffs' counsel stated: "I would

appreciate learning more about how you worked around the up front payment issues with AAA

in your past cases given the fact that your client is responsible for said fees."  (ECF No. 47-1.)

Plaintiffs failed to attach the response from AIL's counsel the following Monday, October 17,

2022, in which AIL's counsel stated:

> Regarding the AAA filing fee, we spoke to AAA who informed us that a claimant can, as part of filing a demand, direct AAA to the relevant contract language and not pay a filing fee.  AAA will then review and determine whether the filing fee is appropriately attributed to the respondents and will invoice the respondents accordingly.  As I have indicated repeatedly, AIL will pay all costs it is required to pay.

(Suppl. Hammer Decl., Ex. 4.)

Although AIL had no obligation do so, AIL confirmed that the AAA will invoice AIL

directly for Plaintiffs' arbitration filing fees.  AIL provided this information to Plaintiffs' counsel

more than one month ago, yet additional Plaintiffs have continued to file opt-in consents despite

being required to arbitrate their claims.  Plaintiffs' bad faith refusal to proceed in arbitration

based on a false claim that they are "unable to initiate arbitration" (Response at 5) is further confirmation that dismissal is warranted to prevent the continued frivolous addition of opt-ins.[11]

## V.   CONCLUSION

For the foregoing reasons, AIL respectfully requests that the Court (i) compel Plaintiffs David Burkes, Toby Painter, Abeni Mayfield, Mikelle Mayfield, Nicholas Atallah, Jennifer Reed, Meredith Carrier, Hunter Renninger, Tyler Szpakowski, Emily Fleming (née Marous), Brendan Gilbert, Christina Quillen, Joseph Lamb, Christopher Gilbert, Corey Rodriguez, Collin Bannister, Cameron Labrie, David Haak, and Julia Gogol to pursue their claims on an individual and non-collective/non-class basis in arbitration, and (ii) dismiss this action without prejudice.

*Signature to Follow*

---

[11] Plaintiffs also falsely claim that "AIL has refused to submit any payment for Plaintiff's AAA" fees in the unrelated *Zinsky* matter. (Response at 4.)  AIL repeatedly assured counsel for Claimant that AIL would pay Plaintiff's AAA fee when it was made a party to the arbitration or received an invoice from AAA—including but not limited to communications on September 28, October 13, and October 25, 2022.  (Declaration of Anne Dana, ¶ 3.)  The claimant did not add AIL as a party to the *Zinsky* arbitration until October 25, 2022, nearly one month after filing the arbitration.  (*Id.*, Ex. 5.)  On November 17, 2022, the AAA invoiced AIL for the claimant's filing fees, and AIL's payment of those fees is in process.  (*Id.*, ¶ 5.)

Respectfully submitted,

AMERICAN INCOME LIFE INSURANCE
COMPANY,
By its attorneys,

Dated: November 22, 2022   /s/ Albert Giang

Albert Giang (admitted *pro hac vice*)
Jeffrey Hammer (admitted *pro hac vice*)
Ramon Miyar (admitted *pro hac vice*)
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 218-4002
Fax: (213) 443-4310
Email: agiang@kslaw.com
   jhammer@kslaw.com
   rmiyar@kslaw.com

Andrea M. Kirshenbaum (Pa. Bar No. 88030)
Post & Schell, P.C.
One Oxford Centre
301 Grant Street, Suite 3010
Pittsburgh, Pennsylvania 15219
Tel: (215) 587-1126
Fax: (215) 320-4711
Email: AKirshenbaum@PostSchell.com