IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BURKES, *on behalf of himself and others similarly situated*, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 22-1054 ) |
| ARIAS AGENCIES and AMERICAN INCOME LIFE INSURANCE COMPANY, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF COURT**

**I.     INTRODUCTION**

Presently before the Court is the Motion to Compel Individual Arbitration and to Dismiss ("Motion to Compel Arbitration and Dismiss" or "Motion") and accompanying Memorandum filed by Defendant American Income Life Insurance Company ("AIL") (Docket Nos. 39, 40), along with Plaintiffs' Response in opposition[1] (Docket No. 47), and AIL's Reply (Docket No. 48). Co-Defendant Arias Agencies ("Arias") joined AIL's Motion and its Reply (Docket Nos. 41, 42, 49, 50, 56). After careful consideration of the prevailing legal standards and the parties' arguments, and for the following reasons, Defendants' Motion to Compel Arbitration and Dismiss is granted in part and denied in part. The parties are compelled to arbitrate their claims individually, but the Court will stay this action rather than dismiss it.

**II.     BACKGROUND**

Plaintiff David Burkes commenced this action by filing a Class and Collective Action Complaint, alleging overtime and record keeping claims for himself and similarly situated life

---

[1] Additionally, embedded in Plaintiff's Response is a section entitled, "Plaintiffs' Motion to Consolidate Arbitration Proceedings." (Docket No. 47 at 6-10).

1

insurance producers under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Pennsylvania law. (Docket No. 1). Several additional persons filed a consent to opt-in to the class and collective. (Docket Nos. 15, 21, 31-34, 37-38, 43-46, 51-55).

Plaintiff and the putative class and collective members each entered an "Agent Contract" with AIL which contains an arbitration provision. This arbitration provision provides, in pertinent part:

> … upon written notice by one Party to another, all disputes, claims, questions and controversies of any kind or nature arising out of or relating to this [Agent Contract], any alleged violation of any state or federal statute, regulation, law or order of any kind, and/or the General Agent's relationship as an independent contractor and not an employee … shall be submitted to binding arbitration under the substantive rules of the Federal Arbitration Act ("FAA"), to be administered by the American Arbitration Association ("AAA") in accordance with its Commercial Rules then in effect …. The Company shall pay any AAA filing, administrative, and arbitrator fee(s). Arbitration shall be on an individual, not a class, collective, representative, or private attorney general basis …. The parties acknowledge that this [Agent Contract] involves interstate commerce, and all issues relating to arbitration or the enforceability of this agreement to arbitrate shall be governed by the [FAA]. Aside from issues relating to arbitration or the enforceability of this agreement to arbitrate, all issues relating to any dispute, claim, or controversy arising out of or relating to this [Agent Contract] shall be governed by and decided in accordance with the internal laws of the State of Texas, without regard to its choice-of-law rules.

(Docket No. 1-2 at 5).

The parties further stipulate that this action is subject to binding individual arbitration in accordance with their arbitration agreements. (Docket Nos. 40-1, 40-2, 40-6). Defendants seek an order compelling individual arbitrations and dismissing this action without prejudice, whereas Plaintiffs seek an order consolidating these impending arbitrations and staying this action. The matter is fully briefed and ripe for disposition.

2

### III.     DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, establishes a "'strong federal policy in favor of the resolution of disputes through arbitration.'" *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (quoting *Alexander v. Anthony Int'l. L.P.*, 341 F.3d 256, 263 (3d Cir. 2003)). However, the "presumption in favor of arbitration 'does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'" *Id.* (quoting *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). Indeed, "[b]efore compelling a party to arbitrate . . . a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009) (citing *Kirleis*, 560 F.3d at 160). These issues are not in dispute here as the parties stipulated that Plaintiffs' claims are subject to the arbitration provision in their Agent Contract; thus, the Court will compel arbitration.[2] (Docket Nos. 40-1, 40-2, 40-6). What remains is whether Plaintiffs' impending arbitration proceedings ought to be consolidated and whether this action ought to be stayed or dismissed.

Plaintiffs seek consolidation of their individual arbitration proceedings pursuant to Section 7321.11 of Pennsylvania's Revised Statutory Arbitration Act ("Revised Uniform Arbitration Act" or "RUAA"), 42 Pa. Stat. and Cons. Stat. § 7321.1 *et seq.* While Plaintiffs correctly note that the FAA does not preempt the RUAA where, as here, there is no conflict between the FAA and the RUAA concerning the RUAA's consolidation provision, *see Volt Info. Scis., Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989),

---

[2]      This entire lawsuit appears to have been unnecessary as Plaintiffs could simply have made written notice of their respective disputes, and the parties could submit them to the American Arbitration Association ("AAA") in accordance with the terms of the arbitration provision contained in the Agent Contract.

3

Plaintiffs nonetheless fail to establish how the RUAA would apply when the parties have expressly agreed that the FAA governs. The Court notes, once again, that the parties agreed that Plaintiffs' claims shall be arbitrated "on an individual, not a class, collective, representative, or private attorney general basis," and that "all issues relating to arbitration or the enforceability . . . shall be governed by the [FAA]." (Docket Nos. 1-2 at 5, 40-1, 40-2, 40-6). The FAA "'*requires* courts to enforce privately negotiated agreements to arbitrate . . . *in accordance with their terms*.'" *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 181 (3d Cir. 2010) (emphasis in original) (quoting *Volt Info. Scis., Inc.*, 489 U.S. at 478). Moreover, even if the RUAA were applicable here, its consolidation provisions would not supersede the parties' agreement to arbitrate individually. *See* 42 Pa. Stat. and Cons. Stat. § 7321.11(c) ("The court may not order consolidation of the claims of a party to an agreement to arbitrate if the agreement prohibits consolidation."). Consequently, the Court will enforce the parties' undisputed arbitration provisions in accordance with their terms and compel Plaintiffs to arbitrate their claims individually.

      Finally, Defendants move to dismiss this action without prejudice while Plaintiffs want to have it stayed. On this point, the FAA provides as follows:

> [U]pon being satisfied that the [claim] involved in [the pending] suit or proceeding is referable to arbitration under … an agreement [in writing for such arbitration], [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

9 U.S.C. § 3. Furthermore, the United States Court of Appeals for the Third Circuit affords this Court the discretion to determine whether to dismiss or stay proceedings upon compelling arbitration. *See Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 179 (3d Cir. 1998), *overruled on other grounds by Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000). As set forth above,

4

this Court is satisfied that all claims involved in this action are arbitrable pursuant to the applicable Agent Contract and the parties' stipulation regarding it. Accordingly, a stay is appropriate.

Defendants, however, assert that this Court is divested of its subject matter jurisdiction upon compelling arbitration, thereby necessitating dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court disagrees. Subject matter jurisdiction to compel arbitration in this case is conferred by 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. §1367, upon a look-through to the underlying "controversy between the parties" as required by 9 U.S.C. § 4. *See Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) (pertaining to petitions to compel arbitration); *but cf. Badgerow v. Walters*, 142 S. Ct. 1310 (2022) (requiring an independent basis for subject matter jurisdiction for applications to confirm, vacate or modify arbitral awards). The Court additionally may retain ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees. *See Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379-80 (1994); *see also Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269-70 (3d Cir. 2004) (holding "that the District Court was obligated under 9 U.S.C. § 3 to grant the stay once it decided to order arbitration," noting that "the District Court has a significant role to play under the FAA even in those instances in which the District Court orders the arbitration of all claims," and that "[e]ven in those instances, the parties are entitled to seek the Court's assistance during the course of arbitration"); *DCK N. Am., LLC v. Burns & Roe Servs. Corp.*, 218 F. Supp. 3d 465, 471 (W.D. Pa. 2016) (citing 9 U.S.C. § 3). Accordingly, pursuant to Plaintiffs' request (*see* Docket No. 47 at 5-6), the Court will stay this action pending completion of the individual arbitrations and will retain jurisdiction to ensure that its order compelling arbitration is effectuated.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Compel Individual Arbitration and to Dismiss (Docket No. 39) is granted in part and denied in part.  The Court is granting the motion insofar as it is compelling the parties to arbitrate Plaintiffs' claims individually.  The Court is denying the motion insofar as it is staying rather than dismissing this action.  The parties will be ordered to proceed to arbitration forthwith in the manner in which they have agreed, and this case will be stayed and administratively closed pending arbitration.  The stay may be lifted by this Court on its own motion or for good cause shown by the parties.

## ORDER OF COURT

AND NOW, this 27th day of January, 2023, IT IS HEREBY ORDERED that Defendants' Motion to Compel Individual Arbitration and to Dismiss (Docket No. 39) is GRANTED IN PART AND DENIED IN PART, as set forth in the Court's accompanying Memorandum.

IT IS FURTHER ORDERED that the parties shall proceed to individual arbitration proceedings forthwith pursuant to the applicable Agent Contract as attached to Plaintiffs' Complaint (Docket No. 1-2).

IT IS FURTHER ORDERED that this case is stayed and administratively closed pending completion of the arbitrations, with the Court retaining jurisdiction.  The stay may be lifted by this Court on its own motion or for good cause shown by the parties.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record