**IN THE UNITED STATES DISTRICT COURT**
**FOR WESTERN DISTRICT OF PENNSYLVANIA**

DAVID BURKES, on behalf of himself and others similarly situated,

Plaintiff,

v.

CIVIL ACTION NO. 2:22-cv-01054-WSH

ARIAS AGENCIES and AMERICAN INCOME LIFE INSURANCE COMPANY,

Defendants.

**AMERICAN INCOME LIFE INSURANCE COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT STAY, CONFIRM THE ARBITRATION AWARD, ENTER JUDGMENT & TERMINATE PROCEEDINGS**

## I. INTRODUCTION

Plaintiff David Burkes ("Burkes") filed this case on July 22, 2022, against American Income Life Insurance Company ("AIL"). On January 27, 2023, the Court compelled Burkes to arbitrate their claims individually and stayed and administratively closed the action pending arbitration. Burkes brought his claims in arbitration, and on August 12, 2025, the Arbitrator issued a final award in favor of AIL as to all claims. Pursuant to the Federal Arbitration Act ("FAA"), AIL now respectfully moves this Court to lift the stay of proceedings in this case and enter an Order of Judgment confirming the final arbitration award issued in favor of AIL by Arbitrator Sarah Yerger in *David Burkes vs. American Income Life Insurance Co., et al.*, Case No. 01-23-0005-7866 in the American Arbitration Association ("AAA") ("Arbitration Award").

To the extent Plaintiff David Burkes ("Burkes") wished to challenge the Arbitration Award, the FAA required that such an action be served upon the parties within three months after the Arbitration Award was filed. *See* 9 U.S.C. § 9. Burkes has not sought to vacate or modify the Arbitration Award, and the time in which to do so has passed. As the petition to confirm the

Arbitration Award was filed within one year of the date of the Arbitration Award, the Court must confirm and enforce the Arbitrator's decision. *See* 9 U.S.C. § 9 ("the court must grant such an order unless the award is vacated, modified, or corrected . . . .").

Accordingly, the Court should lift the stay, confirm the Arbitration Award, dismiss with prejudice all claims against AIL, and enter judgment in AIL's favor and against Burkes.

## II. BACKGROUND

### A. The Court Compelled Arbitration and Stayed Proceedings

On July 22, 2022, Burkes filed a putative collective and class action alleging that he and others were misclassified as independent contractors and asserting causes of action under the Fair Labor Standards Act ("FLSA") and Pennsylvania law. *See* ECF No. 1. Burkes sought to maintain a FLSA collective action and a Pennsylvania class action on behalf of "[a]ll individuals who trained to become and/or worked as sales agents/ insurance producers for American Income Life Insurance in the last three (3) years." *See id.* Several individuals filed consents to join or opt-in to this matter. *See* ECF Nos. 6-12, 31-34, 37-38, 43-46, 51-55 (hereafter, the "Opt-In Plaintiffs").

On January 27, 2023, the Court compelled Burkes and all Opt-In Plaintiffs to arbitrate their claims individually and stayed and administratively closed the action pending arbitration. *See* ECF. No. 57 at 6. The Court's Order further explained that "[t]he stay may be lifted by this Court on its own motion or for good cause shown by the parties." *See id.*

### B. The Arbitration Proceedings

On December 14, 2023, Burkes filed a Demand for Arbitration on AIL with the American Arbitration Association, captioned *David Burkes vs. American Income Life Insurance Co., et al.*, Case No. 01-23-0005-7866, in which he alleged misclassification as an independent contractor, and asserted the following claims:

1. Intentional violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*);
2. Intentional violation of the Fair Labor Standards Act, Failure to Maintain Required Records (29 C.F.R. § 516, *et seq.*);
3. Violation of the Pennsylvania Minimum Wage Act of 1968 (43 P.S. § 333.104(c), 34 Pa. Code § 231.41);
4. Violation of the Pennsylvania Wage Payment and Collection Law (43 P.S. § 260.3);
5. Violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act;
6. Negligent Retention;
7. Unjust Enrichment;
8. Breach of Contract;
9. Fraud in the Inducement;
10. Declaratory Relief – Rescission of Agent Contract.

*See* Declaration of Jeffrey Hammer ("Hammer Decl."), Ex. A at 3.

The parties agreed that Sarah Yerger (the "Arbitrator"), would serve as the arbitrator to conduct the proceedings. *Id.* ¶ 3.

Though Respondents undertook extensive efforts to obtain discovery from Burkes throughout the Arbitration, Burkes failed entirely to affirmatively seek discovery. Burkes did not serve any discovery requests and did not notice a single deposition. *Id.* ¶ 16.

On August 26, 2024, AIL moved to compel discovery after Burkes failed to timely provide written responses and failed to produce any documents in response to AIL's First Set of Requests for Production. *Id.* ¶ 4. On September 19, 2024, the Arbitrator ordered Burkes to provide written discovery responses and to produce responsive documents. *Id.* ¶ 5, Ex. B. Burkes failed to comply with the Arbitrator's September 19, 2024 Order. *Id.* ¶ 6. On October 21, 2024, the Arbitrator ordered Burkes to comply with the previous discovery order. *Id.* ¶ 7, Ex. C.

On October 28, 2024, AIL notified the Arbitrator that Burkes failed to comply with the Arbitrator's previous discovery orders, failed to produce documents responsive to AIL's requests, and that Burkes' counsel had failed to make Hunter Renninger, an individual who Burkes identified in his witness disclosures who also was represented by Burkes' counsel, available for deposition.

*Id.* ¶ 8. On October 29, 2024, the Arbitrator entered an order requiring Burkes to comply with previous discovery orders and to produce documents responsive to AIL's discovery requests. *Id.* ¶ 9, Ex. D. On October 31, 2024, the Arbitrator entered an order extending existing discovery deadlines for the purpose of completing the depositions of Burkes and Mr. Renninger and for Burkes to complete his document production. *Id.* ¶ 10, Ex. E.

On November 11, 2024, AIL notified the Arbitrator that Burkes had continued to fail to comply with the Arbitrator's previous discovery orders. *Id.* ¶ 11. On November 20, 2024, AIL again notified the Arbitrator that Burkes had failed to comply with the Arbitrator's previous discovery orders. *Id.* ¶ 12. On December 16, 2024, AIL moved to exclude testimony from and evidence related to Mr. Renninger, an individual who Burkes identified in his witness disclosures who also was represented by Burkes' counsel. *Id.* ¶ 13. Burkes failed to respond to AIL's request to exclude the testimony and evidence related to Mr. Renninger. *Id.* ¶ 14.

On January 3, 2025, the Arbitrator entered an order prohibiting Burkes from calling Mr. Renninger as a witness and further ordered Burkes to comply with previous discovery orders. *Id.* ¶ 15, Ex. F.

On February 28, 2025, AIL moved for summary judgment. *Id.* ¶ 17. Burkes failed to submit any opposition to AIL's motion for summary judgment. *Id.* ¶ 18.

On April 28, 2025, the Arbitrator issued the Interim Award in favor of AIL, in the form of an order granting AIL's motion for summary judgment in its entirety and entering judgment in favor of AIL on all of Claimant's claims. *Id.* ¶ 19. The April 28, 2025 Order was a "full settlement of all claims, except attorney's fees and costs and judgment interest." *Id.*, Ex. G.

On August 12, 2025, the Arbitrator issued the Final Award in favor of AIL, "in full settlement of all claims and counterclaims submitted to this Arbitration." *Id.* ¶ 20, Ex. H.

On August 12, 2025, the parties received a letter from AAA stating that the matter was closed. *Id.* ¶ 21, Ex. I.

## III. THE COURT SHOULD LIFT THE STAY SOLELY TO CONFIRM THE ARBITRATION AWARD AND ENTER JUDGMENT IN AIL'S FAVOR

A final arbitration award "must" be confirmed unless the non-moving party establishes grounds to modify or vacate. 9 U.S.C. § 9. There is no question that the Arbitrator intended the order dismissing Burkes' claims with prejudice to be final and binding. Moreover, Burkes did not move to modify or vacate the award within the required timeframe. Thus, the Court must confirm the Arbitration Award.

### A. The Stay Should be Lifted for the Sole Purpose of Confirming the Arbitration Award, Entering Judgment, and Terminating Proceedings

Because the arbitration of Burkes' claims is now complete, the Court should lift the stay of proceedings for the sole purpose of confirming the arbitration award and entering judgment. *See Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc.,* No. CV 13-2930, 2016 WL 1642414, at *9 (E.D. Pa. Apr. 26, 2016) (lifting stay of proceedings to confirm arbitration award); *InterDigital Commc'ns Corp. v. Fed. Ins. Co*., No. CIV. A. 03-6082, 2008 WL 783560, at *8 (E.D. Pa. Mar. 24, 2008), *aff'd*, 308 F. App'x 593 (3d Cir. 2009), *and amended*, 607 F. Supp. 2d 718 (E.D. Pa. 2009) (same); *see also* 9 U.S.C. § 3 (stating that a stay should only be imposed "until such arbitration has been had in accordance with the terms of the agreement").

As discussed below, the Award issued in the arbitration concerning Burkes' claims is a Final Award under the FAA and must be confirmed.

### B. The Order Is a Final Arbitration Award

The Arbitrator intended her order to be final and binding. To be final, an award "must resolve all the issues submitted to arbitration, and . . . it must resolve them definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand

in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (emphasis removed). Courts generally "infer [the arbitrator's] intent from the attributes of the award and arbitration record." *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 321-22 (3d Cir. 2021). Here, there can be no doubt that this standard is met.

First, the Arbitration Award states "[t]his Award is in full settlement of all claims submitted to this Arbitration," indicating finality. *See Robinson v. Littlefield*, 626 F. App'x 370, 374 (3d Cir. 2015) ("Here, the arbitrator's December 9, 2013 decision, which was titled 'Award of Arbitrator,' fully resolved everything that was at issue in the arbitration, unambiguously stating, 'This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are denied.' . . . That language—and the fact that the decision completely determined both the question of liability and damages—conclusively shows that the December 9, 2013 arbitration award was final.").

Second, it is well settled that an arbitrator may grant summary judgment to a party based on the arbitrator's conclusion that there are no genuine issues of material fact in dispute, and that such a decision may be affirmed as an arbitration award. *See Sherrock Bros. v. DaimlerChrysler Motors Co., LLC*, 260 F. App'x 497, 501 (3d Cir. 2008) (noting that "federal courts have affirmed arbitration awards where the arbitrator ruled on a motion for summary judgment or on summary disposition" and that "fundamental fairness is not implicated by an [arbitrator's] decision to forego an evidentiary hearing because of its conclusion that there were no genuine issues of material fact in dispute.").

Third, by the express terms of the Agent Contract, the parties agreed that the arbitrator had "the power to award any relief that would otherwise be available in court[.]" *See* Hammer Decl., Ex. J. Thus, the Order was a final award.

**C. The Arbitration Award Must be Confirmed**

The FAA states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must grant* such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

Here, the parties expressly agreed that: "Any court having jurisdiction may enter judgment on the award rendered by the arbitrator(s)." Hammer Decl., Ex. J. This motion to confirm is also brought well within one year of the August 12, 2025 Arbitration Award.

A party must serve a notice of a motion to vacate, modify, or correct an award within three months after the arbitration award is filed or delivered. 9 U.S.C. § 12. Here, Burkes never sought to vacate or modify the Arbitration Award, and the time in which to do so has passed.

Because of "the strong federal policy in favor of commercial arbitration, [district courts] begin with the presumption that the award is enforceable" and enforce the award "absent a reason to doubt the authority or integrity of the arbitral forum." *CPR Mgt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 244 n.8 (3d Cir. 2021) (quoting *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012), *as amended* (Apr. 4, 2012), *aff'd*, 569 U.S. 564 (2013). Petitions to confirm arbitration awards are "summary proceeding[s]" that "do[ ] not [require] the district court to carry on a formal judicial proceeding," *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 255 (3d Cir. 2020), which furthers the FAA's "national policy favoring arbitration with

just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). As this petition to confirm the Arbitration Award was filed within one year of the date of the Arbitration Award, the Court must confirm and enforce the Arbitrator's decision. *See* 9 U.S.C. § 9 ("the court must grant such an order unless the award is vacated, modified, or corrected . . . .").

Therefore, the Court should confirm the Arbitration Award and enter final judgment in favor of AIL.

### D. Any Remaining Claims in this Matter Should be Dismissed and Proceedings Should be Terminated

The Court should dismiss the claims of any Opt-In Plaintiffs *without prejudice*—notwithstanding any claims that have proceeded to a final award in Arbitration and for which judgment has been entered. Burkes is the only lead Plaintiff in this matter. *See* ECF No. 1. In confirming the Final Award in Burkes' individual arbitration, the Court must sever the claims of any Opt-In Plaintiffs and terminate all further proceedings in this matter. *See Joseph v. Quality Dining, Inc.*, 244 F. Supp. 3d 467, 475 (E.D. Pa. 2017) (holding that in FLSA case, "dismissal of the lead Plaintiffs' claims properly terminates the case and disperses the putative class, without prejudice to the opt-in plaintiffs bringing their claims anew") (collecting cases).

## IV. CONCLUSION

For the foregoing reasons, the Court should enter an order: (1) confirming in all respects the Arbitration Award issued in the arbitration captioned *David Burkes vs. American Income Life Insurance Co. et al.*, Case No. 01-23-0005-7866; (2) entering final judgment in favor of AIL; (3) dismissing from this action *without prejudice* all other claims brought by Opt-In Plaintiffs; (4) granting such other and further relief as the Court deems just and proper; and (5) terminating all further proceedings in this matter.

Dated: February 13, 2026

Respectfully Submitted,

*/s/ Andrea M. Kirshenbaum*
**Littler Mendelson P.C.**
Andrea M. Kirshenbaum (Pa. Bar No. 88030)
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102-1321
Tel: (267) 402-3076

Email: AKirshenbaum@littler.com

**KING & SPALDING LLP**
Jeffrey Hammer* (Cal. Bar No. 264232)
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: (213) 218-4002
Email: jhammer@kslaw.com

*(*pro hac vice admitted*)

*Attorneys for Plaintiff AMERICAN INCOME LIFE INSURANCE COMPANY*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February 2026, a copy of the foregoing **AMERICAN INCOME LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT STAY, CONFIRM THE ARBITRATION AWARD, ENTER JUDGMENT & TERMINATE PROCEEDINGS** was filed using the Western District of Pennsylvania's CM/ECF system, through which this document is available for viewing and downloading, as well as served via electronic mail and regular mail upon the following party and counsel of record for Plaintiff Burkes:

Amy N. Williamson, Esq.
awilliamson@awilliamsonlaw.com
Williamson Law LLC
355 Parkway Drive
Pittsburgh, Pennsylvania 15228

*/s/ Andrea M. Kirshenbaum*
Andrea M. Kirshenbaum